**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUL 2 7 2009

Clerk, U.S. District and
Bankruptcy Courts

JURIDICAL FOUNDATION THE CHEMO-SERO- )
THERAPEUTIC RESEARCH INSTITUTE )
6-1, Okubo 1-chome )
Kumamoto-shi )
Kumamot-ken, Japan 860-8568 )
                                )
                    Plaintiff,

v.

HON. JOHN J. DOLL )
Acting Under Secretary of Commerce for Intellectual )
Property and Acting Director of the United States )
Patent and Trademark Office )
Madison Building )
600 Dulany Street )
Alexandria, VA 22314 )
                                )
                    Defendant. )
                                )

Case: 1:09-cv-01383
Assigned To : Leon, Richard J.
Assign. Date : 7/27/2009
Description: General Civil

**COMPLAINT**

Plaintiff Juridical Foundation The Chem-Sero-Therapeutic Research Institute ("JFCRI"),

for its complaint against defendant, the Honorable John J. Doll, states as follows:

1.      This is an action by the owner of United States Patent No. 7,482,436 seeking review of

inaccurate and erroneous patent term adjustment calculations made by the United States

Patent and Trademark Office ("USPTO").  Specifically, this is an action by Plaintiffs

under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of

427 days calculated by the USPTO for the '436 patent should be corrected to 761 days.

2.      This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C.

§§ 701-706.

1

## I. THE PARTIES

3.    Plaintiff JFCRI is a company operating under the laws of Japan.  JFCRI is located at 6-1,
      Okubo 1-chome, Kumamoto-shi, Kumamoto-ken, Japan, 860-8568.

4.    Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual
      Property and Acting Director of the United States Patent and Trademark Office.
      Defendant is sued in his official capacity.

## II. JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action and is authorized to issue the requested relief
      to Plaintiffs pursuant to 28 U.S.C. §§ 1331, l338(a) and 1361; 35 U.S.C. § l54(b)(4)(A)
      and 5 U.S.C. §§ 701-706.

6.    Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7.    This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and
      FRCP 6(a)(3).

## III. BACKGROUND

8.    The '436 patent issued to Kazuhisa Sugimura, Kazuyuki Yoshizaki, Toshihiro
      Nakashima, and Takumi Sasaki on January 27, 2009, based on patent application number
      10/526,072 which was a National Stage Application of PCT No. PCT/JP03/010923, filed
      on August 28, 2003, claiming priority to Japanese Patent Application No. 2002-253036,
      filed August 30, 2002.  The '436 patent is attached hereto as Exhibit A.

9.    Plaintiff JFCRI is the assignee of the '436 patent, as evidenced by records recorded in the
      USPTO, and is the real party in interest in this case.  Recordation of the Assignment was
      electronically filed in the United States Patent and Trademark Office on July 27, 2009.

10.   When the USPTO issued the '436 patent on January 27, 2009, it erroneously calculated the entitled patent term adjustment ("PTA") for the '436 patent as 427 days. Had the USPTO calculated the PTA properly, the '436 patent would be entitled to 761 days of patent term adjustment.

11.   The errors in the USPTO's patent term adjustment calculations are detailed in a recent order from the U. S. District Court for the District of Columbia in an action titled *Wyeth* v. *Dudas,* 580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008), where the Court granted summary judgment against the USPTO, holding that the USPTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute.

12.   The correct patent term adjustment methodology identified in the prior *Wyeth* v. *Dudas* action governs the USPTO's calculation of patent term adjustment for Plaintiff's '436 patent.

## IV. COUNT I:  U.S. PATENT NO. 7,482,436

13.   Plaintiff incorporates by reference the allegations in paragraphs 1-13 above, as if fully set forth herein.

14.   During prosecution of the '436 patent, the patent owner accrued 427 days of PTA under 35 USC § 154(b)(1)(A), and accrued 334 days of PTA under 35 USC 154(b)(1)(B).

15.   Under the USPTO's interpretation of 35 USC § 154, all PTA accrued under 35 U.S.C. §154(b)(l)(A) and all PTA accrued under 35 USC § 154(b)(l)(B) overlap and, thus, it has been the USPTO position that a patent holder is only eligible for the larger of these two amounts of PTA, 427 days.  For the '436 patent, the USPTO erroneously limited the PTA

for the '436 patent to 427 days (*see* calculation in paragraph 21, below), as shown on the face of the '436 patent.

16.   In view of a recent decision from this Court (*Wyeth v. Dudas, supra*), all days on which 35 USC 154(b)(1)(A) or 35 USC 154(b)(l)(B) apply should accrue patent term adjustment for the '436 patent, except for any days that are actual calendar days overlap.

17.   Each day from the day after April 28, 2006 (14 months from the Filing or 371(c) date) through to the issuance of the First Office Action on June 29, 2007, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), a total of 427 days.

18.   Furthermore, each day from the day after February 28, 2008 (3 years after the national stage commencement date*)* through to the date of issue on January 27, 2009, qualify for patent term adjustment under 35 U.S.C. § 154(b)(l)(B), a total of 334 days.

19.   Under the interpretation of this Court (*Wyeth v. Dudas, supra*), only period of actual calendar days overlap between the time periods of delay calculated under 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) are to be considered as overlap.  In this case, there are no days of overlap, as all of the days of delay under § 154(b)(1)(A) are prior to February 28, 2008, the date that is three years after the filing or national stage commencement date, which is the date that the delay under § 154(b)(1)(B) commenced. Thus, the total USPTO prosecution delay is accordingly 427 + 334 = 761 days, minus any period attributed to disclaimed term or applicant's delay, 35 U.S.C. § (154(b)(2)(B) or (C).

20.   The USPTO correctly attributed a total of 0 days to applicant's prosecution delay under 35 USC 154(b)(2)(B) or (C).

4

21.    Under the USPTO's interpretation, the USPTO had calculated an erroneous patent term
       adjustment of 427-0=427 days.

22.    It is accordingly believed that the overall patent term adjustment accrued by the patent
       holder is 427+334-0 = **761 days**, and the patent holder accordingly requests 761 - 427
       334 **ADDITIONAL days** of patent term adjustment.

       WHEREFORE, Plaintiff respectfully prays that this Court:

       A.    Issue an Order changing the period of patent term adjustment for the '436 patent
term from 427 days to 761 days and requiring Defendant to alter the terms of the '436 patent to
reflect the 761 days of actual patent term adjustment due the '436 patent.

       B.    Grant such other and further relief as the nature of the case may admit or require
and as may be just and equitable.

5

Respectfully submitted,
JURIDICAL FOUNDATION THE CHEM-
SERO-THERAPEUTIC RESEARCH
INSTITUTE

Dated: July 27, 2009                    By: _____

Roger L. Browdy (DC Bar No. 164,251)
Ronni S. Jillions (DC Bar No. 375,817)
BROWDY AND NEIMARK, P.L.L.C
624 Ninth Street, N.W.
Washington, DC 20001
Tel.:  (202) 628-5197
Fax:  (202) 737-3528
Email:  rlbrowdy@browdyneimark.com
        rsjillions@browdyneimark.com

Attorneys for Plaintiff

BROWDY AND NEIMARK, P.L.L.C.
624 Ninth Street, NW
Washington, DC 20001
(202) 202-628-5197

G \INT\JFCRIvDoll\Sugimura4\2009-07-27Complaint doc

6